United States v. Yalenkak. May it please the court, my name is Jeff Kestenban, excuse me, I represent the appellant Hakan Yalenkak, and with the court's permission I respectfully ask for two minutes for rebuttal. The issue in this case, your honors, is whether the district court's 2007 order that granted my client's motion for credit towards his restitution balance in the amount of $1.14 million was a final order that was immediately appealable, or whether seven and a half years later the district court could sue Esponte without notice to either party vacate that hypothetically, what the result would be if the opposite had occurred. If the district court, instead of granting my client's motion and crediting his restitution balance, had denied the motion, had said, I'm denying your motion, you're not getting credit for that $1.14 million, and you're also not getting credit in the future for the gross recoveries. I'm not sure the analogy works because if the court had absolutely denied it, that would have been the end of the litigation. As I understand the government's position, the grant order, they argue, was contingent, contingent on you satisfying the requirements of the statute, and so it's not quite the same. It would have been final if it had been denied, but why don't you deal with their argument that this was a contingent order? Sure. There are two responses to that. Please. The first is that the motion itself, there were two motions that were filed that requested credit in a total of $1.14 million. The district court granted that motion, so at least as to that, that question was final. The government didn't object. In fact, the government . . . It didn't object, but it didn't object subject to your satisfying your statutory obligation. That gets to the second, which is that whatever the government requested, the district court did not order. The district court granted our motion in an endorsement order without any condition, without any qualification. The government may have asked for whatever it asked for, but that was never part of the order. Excuse me. Did the district court enter one order or two? That is, I took it that your $1.14 million and a determination that all the money that was collected by the trustee would count, and the judge wrote granted? Yes. So the judge didn't say, I grant the first one and I grant the second one. They weren't two separate orders. There was one. There was one order, and there was no objection from the government as to either request. No effort to clarify that order. That's correct. So the government didn't object. The government never moved for clarification. The government never moved for reconsideration, and the government never appealed. And so in light of that, my client reasonably relied on that order. Do you think the judge could enter such an order? Yes, Your Honor. How could the judge enter an order granting you relief from restitution in the absence of proof that the victims had actually received the money? Well, let's assume that the court couldn't have granted that motion. There's two ways to respond to Your Honor's question, which is first that the government had to appeal, and there are cases that I'll discuss regarding that, if in fact the court entered an incorrect order. And secondly, my client has since provided that proof, which the district court in 2015, seven and a half years later, accepted that sufficient information was provided that the victims in the case had received the monies that were in issue. Let's assume that the court made a mistake and that the government made a mistake. Is there any reason why we would want the government not to appeal that mistake then, but to wait eight years to do it? No, Your Honor. Here's my problem. What is and what is not final really depends on when we want an appeal to be taken. And is there any earthly reason why we would want the government to delay eight years when all sorts of things might happen? In this case, it's moderately clear, so I'm quite clear that there was a mistake, but in other cases, it might be very messy. Don't we want to say to the government or to the party, look, here's the time of the order, here's the time to appeal when we can figure out whether it was right or wrong? We do want to say that to the government, and in this case, the request was clear, the order was clear, and as a result of that order, my client was induced to not challenge the budget expenses in the bankruptcy proceeding because he had no incentive to do so knowing that he was going to get credit. So to answer Your Honor's question, the answer is the government should have appealed then. If the rule is otherwise, if the court adopts the government's argument here, then in essence, what they can do is wait 20 years, which is the period of time— That's right. It makes it rather complicated, the question of what incentives we want to exorbitant fees in bankruptcy not be challenged. I'm puzzled by that. No, what I'm saying is that the government's position here does exactly that, that we don't want to create that incentive. If the court— But you did implicitly answer the question I was going to ask, which is how did your client rely, and you're saying the reliance was that he did not take certain actions in the bankruptcy court. Correct. In fact, on February 27th of 07, a couple months before he filed the motion for credit, he filed a motion in the underlying criminal action, it's document 127, docket number 05CR111, in which he highlighted exactly what he expected to happen. He wanted the district court to order the funds deposited in the clerk's office so that they could go dollar to dollar to the victims. And in fact, because they went to the bankruptcy court, because the court didn't act on his motion, the end result was $1.2 million in fees were incurred. And of course, all the money that the bankruptcy trustee collects in the ordinary course are not going to go to some particular set of creditors. They're going to go to all the creditors. So if Mr. Yalinchuk had a phone bill that he owed or whatever that was part of the bankruptcy, it was a creditor with a claim, this money that was collected would go pro rata, presumably, to all the unsecured creditors, wouldn't it? That may be, but if it had gone to the clerk of the court, they would have been made whole dollar for dollar without having... Well, that would have short-circuited the bankruptcy process and somehow asserted a priority for the victims in this case. I don't know whether that would be lawful or not lawful, but that would be rather different than what's taking place in the bankruptcy court. And in the bankruptcy court, even if these fees were excessive, some fees would certainly have been collected. It's hard for me to see how it could possibly be correct, putting aside for a moment when it was time to correct it and when it wasn't, how it could possibly be correct that any money that was collected by the trustee in the bankruptcy should be when some amount of it would necessarily go to the fees of administering the estate and to other creditors. That's correct, and that's why he wanted the money deposited with the clerk. Are you arguing that the order was correct? I thought that you were conceding that the order was incorrect. Yes, Your Honor. That the whole thing was wrong, that obviously this was not going to the victims, but what you're arguing is, okay, it was a mistake. It was made eight years ago. If a private party makes a mistake and eight years later comes back and says, hey, we're terribly sorry we made a mistake, we say all the time, sorry, it's too late. Why should we treat the government differently? And that both an order, whether it's granted or it's denied or so on, when it's restitution, is still under the court's jurisdiction, so it is not the case that we could say one is final and one is not. They're both under the court's jurisdiction until the amount is paid, so that whether it's done one way or whether it's done the other, we want an appeal taken there, whether the government loses or you do, for the same reason. That's exactly right, Your Honor. And the two cases that we rely on for exactly that proposition are U.S. v. Pescatore, which is a 2011 decision from this court, 637 F. 3rd 128, in which the district court entered an incorrect restitution amount. So the facts are somewhat close here. There the restitution figure was about $2.5 million and the district court entered $3 million restitution order, but the defendant didn't appeal. And because the defendant didn't appeal, he lost his right to challenge the incorrect restitution amount. Even though it remained under the court's jurisdiction until he had actually paid. I'm sorry, Your Honor, I didn't hear the first part. Even though the restitution remained in the court's jurisdiction until it was actually paid, so that in that sense, that original order and failure to appear were exactly as final or as non-final as this one. Yes. In fact, think about it. I don't know if the court has a question. Let's say you have a defendant who has the ability to pay the restitution almost immediately, and he does so. But he wants to challenge the amount of restitution that was ordered. He would then have to wait. Well, the amount of the restitution is part of the criminal judgment. There are a lot of cases, civil and criminal, where we have a distinction. There's a judgment that ends one phase of the case. Then there is what we call post-judgment litigation about all sorts of things, about trying to collect on the judgment. And in the latter case, it's rather complicated sometimes figuring out what we should treat as a final order and what is just a step along the way. And what I wanted to ask you in terms of when we want an appeal is, what would be your response to the argument that there really doesn't need to be any appeal? We don't want to have piecemeal appeals on every dollar that's in dispute in a large restitution amount until there's some likelihood that the thing is totally paid off. Before that, it's rather academic. He still owes a lot of money. It's one thing, and the Seventh Circuit has sort of suggested, at least in dictum, that the time to appeal and the finality does not come until a defendant makes a claim that I'm now done. And that's either accepted or rejected by the court. Why wouldn't we want to wait for that? Because then in a case like this where the restitution figure is enormous, you're waiting about 20 years. And so what? I mean, maybe it will never come. And then we're spared ever having to have an appeal about the rather academic question of whether at the time of your client's death – I don't mean to wish him ill, of course, but we all die sooner or later – whether at the time your client eventually passes from this mortal scene, he still owes a balance on anybody's account. Why would we want to have an appeal, appeals along the way, on the academic question of when he died, did he owe a million or $400,000 or $30 or what? Even if that scenario worked in a situation where a motion for credit was not filed? Maybe it does, but that's not this case. No, but every time a motion – he could make a motion for credit – every time he writes a check, he could say, I want to get an adjudication that I really did pay that check. And if he doesn't like the outcome or somebody says, well, we didn't cash the check or we lost the check or there's a dispute, then there'd be an appeal about that $100 that month. Or if there was some dispute about whether the Bureau of Prisons credited a certain amount or didn't credit a certain amount and it was minuscule in relation to the overall restitution judgment, we'd have a series of appeals about that as well. I think I have two answers, Your Honor. One is that here you have a situation where there was detrimental reliance. And so it's pretty clear from the record what I cited earlier that he was concerned about the cost that would be incurred in the bankruptcy proceeding and because of the court's order, he didn't bother challenging any of that. So under the court scenario, he would then get the order he wants but still have to expend time and resources in the bankruptcy court to challenge the fees and expenses there in the unlikely event that what happened here happened. Well, my concern here is, you know, we're working within a statutory scheme in which the Supreme Court has told us that the concern of the statute is not to provide defendants with certainty as to their restitution obligations but rather to ensure victims receive full restitution. What if any notices were being given to the victims of your efforts to get amounts of restitution marked paid basically because of the bankruptcy proceeding? I didn't see anything that suggested that anyone was giving notice to the victims. That would be, I think, a question that the government would have to answer, Your Honor. Why? I mean, you were the one seeking relief, taking the view that you had discharged your obligation to these victims. The victims were represented in the bankruptcy court. They, I mean... That's not the question. You're here to enforce a judgment of the court that may be wrong and not to allow it to have been modified when you didn't get, and you're saying the government didn't object, but the parties that were most affected were never given any notice by you. But, Your Honor, the case law is still clear. Pescatore and a U.S. Supreme Court case, Greenlaw v. U.S., which we also cite, is that the government has to appeal or whichever side loses has to appeal. So while I recognize the equity that the court, that Your Honor's question raises, and maybe there is a lack of... It was a statutory obligation to give notice to victims. Under the Victim Protection Act, they get notice of all kinds of things in criminal cases now. I'm sorry, was... What statutory obligation was there to give the victims notice? They're entitled to notice of sentencing, notice of all kinds of things. And to whatever extent that's true, Your Honor, it's not a burden that we have. The obligation is on the government. That's right. The statute does not give the victims the right to come in and say, we appeal a wrong judgment, does it? No, it doesn't. I mean, if they wanted, they are to be represented by the government. And if the government makes a mistake, maybe they have a claim against the government or not, but the statute... I mean, there's no doubt that the victims have lost out here, and that's wrong. You know, the question is, whose problem is that? Is that the government that has failed to do something that should... All right, let's hear from the government, Mr. Kestenbrand. Thank you. May it please the Court, my name is Christine Schirino on behalf of the United States. We agree on several things in this case, that restitution was originally ordered for 4.182,000. That number has never changed. There hasn't been change at all. The defendant could rely on that, the victims could rely on this one. You know, you all agreed to this. You agreed to the granting of the request he made. Did you check with the victims to make sure they'd been paid? Well, we're aware of any payments that are made to victims. Well, how do you agree to it without confirming with the victims that they've been paid? When you referenced how do we agree to it, you mean our response in May of 2007? We didn't object, yes. That was effective. Well, we didn't... That's a signal to the district court. Well, we didn't object, that's absolutely true, but it was contingent upon compliance with 3664J2. Your contingents could be read to be future-looking, not necessarily with respect to the money already. I mean, have you made any effort to find out if the victims had received a penny of this money? We're notified. If not, why are you agreeing to this? I assumed you knew they had not received the money. Well, the money would be credits from the bankruptcy court, right? And the money, any money that would have come from bankruptcy court or anywhere else would have gone through the clerk of court. Well, but the application by the defendant in this case was to get credit against his restitution obligation for the money that was collected by the bankruptcy trustee. It was not a motion to get credit for monies that had been received by the clerk of court or by the victim. It was about monies received by the trustee. Yes, but important point, both bankruptcy cases were still pending at the time, and when the defendant made his first motion for credit, he attached a stipulation from the bankruptcy court. And in that stipulation, it provided that there may be no monies dispersed from the bankruptcy court. So why are you not objecting to this order as premature? Well, again, we agreed to the general principle that he is, he may be deserving of credits. And in fact, in the case, we agree that he's deserving of about $2.3 billion in credits. So we viewed it as the issue. But that's now been paid. My question, I'm really perplexed as to how the government thinks that it should have done anything other than object to this order on the grounds that there had yet been no proof that any money had gone to the victims. Because we viewed it as agreeing to the general principle under 3664J2. Are you telling us now that you think you acted correctly then? I thought that just as they are admitting that a mistake was made, you are admitting that a mistake was made also. But now instead you're telling me, oh no, this is perfectly fine. We're going to do this same sort of nonsense again. No, not at all, Your Honor. In hindsight, yes, it could have been more, there could have been more clarity and more clarification. It's not a matter of clarity. It's a matter of whether you protected the rights of the people, the victims, that you are under this statute required to protect. The district court entered an order that said, granted, to a motion that said we should get credit, among other things, we should get credit for $1.4 million paid. And I think what we're all asking you is, but it was evident, and you're arguing now, that in fact he should not have gotten that credit. So what we're all asking you is, didn't the government drop the ball in not either objecting to that motion, or after it was granted, say, no wait, we didn't concede that this order should be entered, we conceded only blah, blah, blah, which is contingent, and so we need clarification of this order. Remember that in our response, we said we don't object to the granting of the order pursuant to these contingencies. But the district court didn't incorporate those contingencies. They asked, we want something. You said, we're okay with giving them that so long as conditions A, B, and C apply. The district court didn't say, granted, subject to the government's conditions. It just said, granted, what they asked for. Yeah, but the district court, I think we can all agree, remained silent on it. It didn't reject that either. And down the road in May of 2015, the district, we don't have to guess, the district court told us that that's what the judge understood when she indicated Let me ask you a different question. Sure. Do the victims have any cause of action against the government for failing to appeal negligently an order that deprived them of their money? It's not a matter of discretion, but do they, under the Federal Tort Claims Act, if we rule against you so that they now learn that they have been deprived of monies because the government negligently did not file an appeal, do they have a cause of action against you? Well, first we would say that the government did not act negligently, but based on your question, Your Honor, They didn't act negligently? Well, let me respond to your first question. No, they would not have a cause of action against the United States. The statutes are clear that the United States does not represent the victims in litigation. Our duty is to enforce the district court's restitution order. Well, that gets to the question of weren't you obligated to give them notice of a proceeding like this that was going to affect their rights? Well, under the series of laws that have been passed to protect victims' rights in criminal cases, isn't the government obliged to give the victims notice of proceedings like this? The government is obliged to give notification of any proceeding that may affect the restitution that was imposed. But we say the restitution has remained the same. There isn't a change in that. So there's not an obligation under the statute you're telling us for the government to notify the victims about motions for credit against the amount of restitution that was imposed? I don't know that the statutes directly address motions for credit. There is an obligation with respect to notifying the victims with respect to proceedings concerning the amount of restitution to be imposed, but there is, you're saying, no explicit obligation anyway on the government to notify the victims about credit motions of this kind. I believe so, and I think that the Justice for All Act and the MVRA are more directed toward giving the victims notice in the context of restitution that's going to be imposed. Let me ask you a different question. Sure. Could the government have appealed at that time? The government could have appealed yesterday. So, yes. Why? Was it a final order in that sense? No, not at all. The government, like any other party, could appeal, but our position is that we didn't view... No, no, but I'm just asking the technical question. Was it the kind of order that is final enough so that the government could have appealed? No, because, well, we viewed... You could not have appealed that order at that time? That mistaken order? We view the order as an interim order, not as a final order. So that every time something you're telling us, so that every time a mistake of this sort is made by a district court, though the government sees that it is a mistake, they are not allowed to appeal at that time, and they have to wait until years later it comes out that this is a mistake? That would be a remarkable procedure. No, we're not saying that, Your Honour. We didn't see it as a mistake. Well, I understand that you didn't see it as a mistake, but had you seen it as the mistake that it was, could you have appealed it at that time? Or was the fact that the court continued to have jurisdiction over this, made that an interlocutory order that could not then be appealed? We would only think that the order could be appealed if it were a final order. I understand. When is there a final order? There are at least three possibilities, and there are probably more. One is at the time that the district court enters an order granting credit. A second is when the entire dispute around something like the bankruptcy proceedings are done. A third is when the defendant maintains, and there's an adjudication one way or the other, that he has finally acquitted his restitution obligation. So which of those is the final order? So the general principle I think that you're laying out is that there has to be a final decision on the merits. There has to be some kind of final decision for there to be an appeal, right? Right. Here's why we say that it was interim. First of all, Judge Arrington tells us that it was interim. She notes that — Well, she tells us this rather after the fact, and that's her second draft, because her first draft said it was final, and she's addressing it under Rule 60A, which is a way of undoing final judgments. That's true. But in her first draft in May of 2015, she acknowledged, then as now the government has said that the acquiescence was based on 3664. But here are the other reasons why we think it's interim. There is no effectuating language, and I'm sure some people would say, well, all these things that needed to be done, they were ministerial. I understand your arguments for why you can say that it is this or that, but I come back to my question. Could you have appealed it the moment she made that first order had you then realized that it was a mistake? And if you could have appealed it then, how could you have appealed it unless in some fundamental sense that was a final order? That is, she makes a mistake. You realize it's a mistake. Do you have to say, oh, I'm terribly sorry, this being an interim order, we can't do anything about it until eight or ten years later it looks as though the payments haven't been made, or can you go immediately and say, judge, change that. The judge says, I did it and I mean it and that's it. Can you then appeal and say, sorry, you've made a mistake, and come to this court and say she made a mistake, and we say, yeah, she made a mistake, and reverse it. If Your Honor is asking that whether or not we like it, the December 2007 endorsement should be considered a final judgment, then yes. It should have been appealed. But if it was a final judgment. The issue before us is whether it's a final order. That has two consequences, it seems to me. If it is a final order, then the party that doesn't like it has a right to appeal. And it seems to me a corollary, if there is a right to appeal, then if you forego an appeal of a final judgment, it's over. There are lots of judgments that years later somebody thinks, oh, wait, that was wrong and maybe it was transparently wrong. But if the party didn't appeal, it's final, it's over. At least Mr. Kestenband is arguing, and it seems to make intuitive sense to me, that the two issues are the same, really. Is it a final order for purposes of appeal? If it's not, then it's still subject to correction by the district court because it's only interlocutory and there's no other way to get it changed. If it is a final order, then A, a party who's aggrieved by it has a right to appeal, and B, if they forego that appeal, it is no longer subject to revision by the district court. Do you agree with that structure? I do. So then that's why we're asking you, could the government have appealed this order? And it sounds to me as if the only consistent position for the government, right or wrong, is no, you couldn't have appealed because you're arguing that the district court could have kept revising it. And if the district court could keep revising it, then it's not a final order and no one could have appealed it. That's exactly right. The NBRA provides that there can be changes to parts of the restitution order for years. No one says that. The problem that I have with these issues in post-judgment litigation, and we have this in civil cases all the time, is trying to figure out what is final, when do we want to have an appeal. And what I'm wondering is if Congress gave the defendant a right to get an adjudication that says credit X dollars against restitution, and that's provided for in the statute, then I have trouble understanding why, once that kind of order is granted, that's not a final order that is subject to appeal.  Maybe for the victim's sake, for somebody's sake, to have a clarity in a ruling. Congress says that there's a clarity in the amount of the restitution order, except for the $4,182,000. But as far as credits or payments or whatever the case might be, I think you made the point that this could be a piecemeal approach in post-judgment litigation. But didn't Congress allow each piece to be adjudicated? Each piece could be final, but not in this case. Now, this piece was not final. You have said to us that there could be no appeal then, and you are saying that as the government's position. Are you sure that's the government's position? That is, you want to win this case, but you are representing the government, and you are telling us that in any number of other cases where mistakes are made in the future, because of what you are telling us today, the government cannot act immediately to correct that mistake. And you are representing to us that that is what the United States of America holds. I don't believe it. I don't believe for a moment that if you went to the Solicitor General, he would say, she would say, no, we can't appeal. You're making a statement because you want to win this case, but you're making a statement that has all sorts of consequences for the government in other situations, and I'd like to know why, what the basis of that statement is. And I apologize because the statement I'm making is, I did not intend it to be as broad as Your Honor is describing. I'm talking about what happened in this case, and that it's an interim order, and I'm- That's dependent on us finding that the district court intended it to be contingent, right? Even though she didn't say so. Yes, but I would also- Because had the district court said, motion, defendant's motion granted, government's motion for contingent terms denied, you'd have been right up here, because you'd have been concerned about the fact that he would be now spending money that wouldn't be available for victims. Absolutely. So, the whole thing turns on whether a district court order that doesn't reference the contingencies that you asked for should nevertheless be read as contingent. Is that where we are? I think so. I would like to add a few other points. Is that the only ambiguity? I mean, there's also the question that this was this kind of double order. There's a sort of advisory opinion, in effect, right? If all the motion had said was, we want clarification from the district court that we will get credit for anything the bankruptcy trustee collects through the course of this bankruptcy that's going to go on for several more years. And the district court said, granted. Would that be a final order that you could appeal? Well, we would have gone back and asked for clarification on that. That's what I mean. Clarification is done. Then you can appeal? If we sought clarification, and for whatever reason the district court said no clarification, that's what happened again before this Court. Well, then you could have appealed that. So that would be a final order, even though it's purely advisory and there's no number in it at all. There's no actual credit given to the defendant. It's just a motion that says, I want prospectively you to rule that there's going to be credit for anything the bankruptcy trustee gets. Yeah, and that would be contrary to the statute. And, yeah, we certainly would have followed up on that. Well, if you could appeal that, how can you possibly say that you can't appeal when the district court says that and also says, oh, and by the way, the $1.4 million that he's already got, credit? That's more precise. That's more final, it seems to me. Because the defendant himself had put before the court that that million dollars may be zero. The court didn't have just what the government put in front of it. It also had what the defendant put in front of it. Not one but two motions. What the defendant asked for. When there's any kind of ruling from the district court, right, there's a decretal language. Sometimes the court spells out, this is what I am saying. Other times the court just says, granted, and in that event, it seems to me, what is granted is what the moving party asked for. And here the moving party asked for two things. This prospective order, which you've suggested would be a final order that you could appeal and that presumably therefore could not be revoked two years later by the district court, plus something that's more specific that he had asked for, which is credit of $1.4 million. So how can that be something? How can the combination of the two things not, by your argument, be a final order that you could have appealed, that you didn't appeal, and that therefore becomes the law? Whether it was right, wrong, or indifferent, it's a judgment in effect. Now, Judge Raji asked, I think, a very important question, and that is, what did the district court think? Because if the district court intended to make a contingent order, a non-final order, that might make a difference for this particular case. Now, with respect to that, what are we to make of the fact that when the mistake was first pointed out to the district court or she discovered it, she ruled under 60A, that is, she treated it as a final order that she had made so that she looked back and she said, yes, I made a final order, but I can correct it under 60A. And only after, when she realized probably that 60A was not available as to a final order, did she come back and say, well, maybe it was contingent. So in terms of trying to figure out whether the original order, in the judge's view, are we to take into account what happened under 60A or not? I don't think so. You know, I'm trying to be funny. It was a mistake within a mistake. I think, you know, the true mistake here was the premature granting without dealing with the contingency. Thank you. Let's give Mr. Casaban an opportunity to reply. We've been very hard on you. I'm sorry. It's our job. I'm just glad I'm not in the Louis Vuitton case. Thank you. To pick up on Judge Calabresi's question at the end, in terms of what the district court intended, and Judge Lynch pointed this out as well earlier in the government's argument, that the district court initially relied on Rule 68, which means that the district court considered the 2007 order to be final and therefore appealable. The problem I have with even inquiring what did the district judge subjectively intend back in 2007 is, you know, what's the evidence of that? And it's peculiar to go and look at how the judge retrospectively reconstructed it in two different ways in entering two different orders eight years later. I mean, you know, I tell you, if she really remembers what she thought eight years before, she's much better than I was as a district judge on an endorsement order because I would never remember even the case. I agree with the court. I think the only reason I bring it up now is because it was the subject of discussion with the government, and we do have some information to rely on, which is that in 2015 the district court said I'm relying on Rule 68. On this, if I may just joke, but it's true, a year or so after Paulsgraf or some years later when Justice Cardozo, Judge Cardozo was on the Supreme Court, some people wanted to ask him about that case, and they went up there, and he said, oh, yes, yes, refresh my recollection. And as they were telling him, he said, fascinating case. How did we come out? And that was Paulsgraf. All right, let's let you finish your rebuttal. And then the government referenced McGinn, and McGinn's an interesting case to talk about because essentially what happened there is what happened here, where the district court entered an order that permitted credit for gross recovery instead of net, and the government there moved for clarification, and when that didn't work, the government appealed. And ultimately, that's the problem the government has here, and that relates to another point that Judge Calabresi made. It makes clear that the court couldn't do what happened here. Whether it did it in a way that's final is a separate question. That's correct, Your Honor. Thank you. Thank you very much. We're going to take the case under advisement. We appreciate your time.